IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHIA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-681 (RGA) |
| | ) |
| TCL MULTIMEDIA TECHNOLOGY | ) **JURY TRIAL DEMANDED** |
| HOLDINGS, LTD. and | ) |
| TTE TECHNOLOGY, INC., | ) |
| | ) |
| Defendants. | ) |

## JOINT ~~PROPOSED~~ SCHEDULING ORDER

This 20 day of December, 2016, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **January 18, 2017**. On or before **February 17, 2017**, the parties shall make their disclosures pursuant to Paragraph 3 of the Delaware Default Standard for Discovery.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **May 15, 2017.**

3. Discovery.

    a. <u>Initial Discovery in Patent Cases</u>. The parties agree to follow the initial discovery procedure provided in Paragraph 6 of the Default Standard for Discovery as modified below:

        i. By **January 25, 2017**, Plaintiff shall specifically identify the accused products, services, systems, apparatuses, processes, methods, acts or other instrumentalities ("Accused Products") and the asserted claims of the patents-in-suit allegedly infringed by each such Accused Product, and produce the file history for each patent-in-suit.

        ii. By **February 24 2017**, Defendant shall produce to the Plaintiff the core technical documents sufficient to show the structure and operation of any respective Accused Product, including but not limited to operation manuals, product literature, and specifications.

        iii. By **March 24, 2017**, Plaintiff shall provide Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

        iv. By **April 24, 2017**, Defendant shall provide to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related allegedly invalidating references (e.g., publications, manuals, and patents).

    b. <u>Fact Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **December 22, 2017**.

    c. <u>Document Production</u>. Document production shall be substantially completed by **August 31, 2017**.

    d. <u>Requests for Admission</u>.  A maximum of seventy-five (75) requests for admission are permitted for each side, although that limitation shall not apply to requests for admission regarding the authenticity or genuineness of documents.

    e. <u>Interrogatories</u>.  A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

    f. <u>Depositions</u>.

      i. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of one hundred (100) hours of taking testimony by deposition upon oral examination of fact witnesses.  Depositions in which an interpreter is required will contribute only 2/3 of their time to this total.  Each fact witness is presumptively limited to seven (7) hours of testimony in a single day, pursuant to the Federal Rules of Civil Procedure.

      ii. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  For parties or representatives that reside in Asia, the parties shall take their depositions in California (and the parties, the witnesses and their respective counsel shall make themselves available as such).  Exceptions to this general rule may be made by agreement of the parties.  Exceptions to this general rule may also be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the

Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document( s ). If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 21 days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before **June 2, 2017**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **June 23, 2017**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **July 21, 2017**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **August 21, 2017**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **September 8, 2017**. The Defendant shall serve,

but not file, its sur-reply brief, not to exceed 10 pages, on **September 22, 2017**. No later than **October 4, 2017**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]

    1. Plaintiff's Opening Position

    2. Defendant's Answering Position

    3. Plaintiff's Reply Position

    4. Defendant's Sur-Reply Position

B. [TERM 2]

    1. Plaintiff's Opening Position

    2. Defendant's Answering Position

    3. Plaintiff's Reply Position

    4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9. <u>Hearing on Claim Construction</u>. Beginning at the proposed time, 9:00 a.m., on the proposed date, **October 31, 2017**, the Court will hear argument on claim construction.

Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due **February 28, 2018**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due **April 12, 2018**. Reply expert reports from the party with the initial burden of proof are **May 2, 2018**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed **June 1, 2018**.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed **June 29, 2018**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12. Applications by Motion. Except as otherwise specified herein, any application to

the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference</u>. On **November 2, 2018**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial

8

conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on **November 13, 2018**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE